Lawson agt. Jones *et al.*

## N. Y. COMMON PLEAS.

JUDSON LAWSON, plaintiff and appellant, agt. JOHN J. JONES *et al.*, executors of DAVID JONES.

*Testimony of party dying after trial, is evidence on new trial — When testimony of party examined on former trial who is rendered incompetent by the death of his adversary may be read — Code of Civil Procedure, section 830.*

A party who has been examined in the first trial, and who is rendered incompetent by the death of his adversary before the second trial, may have his testimony, given in such former trial, read at any subsequent trial.

The statute does not require that the testimony of the deceased party should be first offered.

The plaintiff was not allowed to read his own testimony taken on a former trial relating to personal transactions with the original defendant, who has since died, upon the ground that the jury having disagreed there had been no former trial:

*Held,* that, within the provision of section 830 of the Code of Civil Procedure, under which plaintiff claimed the right to read his testimony, the trial is concluded when the case is closed and submitted to the jury.

*General Term, June,* 1881.

*Before* DALY, *C. J.,* J. F. DALY *and* BEACH, *JJ.*

*Mr. Whitlock,* for plaintiff.

*Mr. Smith,* for defendant.

J. F. DALY, *J.* — On the trial plaintiff attempted to read his own testimony, taken on a former trial, relating to personal transactions with David Jones, the original defendant, who has died since such former trial. This was objected to by defendant's counsel on the ground that there had been no former trial. The jury had disagreed on the former trial; but there was, nevertheless, a trial within the provision of

Lawson agt. Jones *et al.*

section 830 of the Code of Civil Procedure, under which section plaintiff's counsel claimed the right to read his client's testimony.

The trial is concluded when the case is closed and submitted to the jury. By section 992 it is provided that, for the purposes of that article, a trial by a jury is regarded as continuing until the verdict is rendered. This is a manifest expression of the legislative construction that for all other purposes the trial is closed when the case is submitted. It has been held that such a trial entitles the ultimately successful party to a trial fee (*Hamilton* agt. *Butler*, 30 *Hun*, 36).

· There is no substantial reason why the testimony taken in such. a trial should not be read. The party was on the stand and could have been cross-examined, and the same opportunity for scrutiny and for contradiction existed as if the jury had agreed upon a verdict.

The objection taken on appeal that the testimony cannot be read by the stenographer who took it down on the former trial from his notes, but must be produced in the form of depositions reduced to writing and subscribed by the party, is not good. Such a rule would exclude all testimony taken in the manner authorized by law, and render the Code inoperative.

The section (830) of the Code covers the case claimed by plaintiff. A party who has been examined in the first trial, and who is rendered incompetent by the death of his adversary before the second trial, may have his testimony, given in such former trial, read at any subsequent trial. The statute does not require that the testimony of the deceased party should be first offered.

The judgment should be reversed and a new trial ordered, costs to abide the event.